THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE PATTON CLARK,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFF UTTECHT,<br><br>            Defendant. | CASE NO. C16-0203-JCC-JPD<br><br>ORDER |

This matter comes before the Court on Petitioner George Patton Clark's objections (Dkt. No. 20) to the Report and Recommendation by the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 19). Having thoroughly considered the objections and the relevant record, the Court hereby OVERRULES Clark's objections and ADOPTS the Report and Recommendation for the reasons explained herein.

I.   BACKGROUND

Petitioner George Patton Clark is a state inmate at the Coyote Ridge Corrections Center in Connell, Washington. (*See* Dkt. No. 16-2 at 95.) In 2001, Clark was convicted of second degree robbery and sentenced to life in prison under the Persistent Offender Accountability Act ("POAA"). (Dkt. No. 16-1 at 2.) Clark appealed his judgment and sentence, arguing that his convictions were facially unconstitutional and that his life sentence constituted cruel and unusual punishment. (*Id.* at 16.) On August 19, 2002, the Washington Court of Appeals affirmed Clark's

conviction and life sentence. (Dkt. No. 16-2 at 23.) Clark petitioned for review by the Washington Supreme Court. (*See id.* at 30.) On April 1, 2003, the Supreme Court denied the petition. (*Id.*)

On August 23, 2012, Clark filed a personal restraint petition (PRP) with the Washington Court of Appeals. (*Id.* at 34.) On October 31, 2012, the Court of Appeals dismissed the PRP because Clark failed to present a sufficiently detailed factual statement or legal argument indicating that he was entitled to relief. (*Id.* at 40-41.)

On May 18, 2015, Clark filed a second PRP, raising two grounds for relief: (1) the POAA's three-strike provision constituted cruel punishment, and (2) his life sentence violated the constitutional prohibition against ex post facto laws and laws impairing the obligations of contracts. (*Id.* at 45, 47.) The Court of Appeals dismissed the PRP on August 3, 2015. (*Id.* at 92-93.) The court noted that Washington courts have consistently rejected the claim that the POAA is an ex post facto law or violates the Eighth Amendment. (*Id.*)

On August 26, 2015, Clark moved for discretionary review by the Washington Supreme Court. (*Id.* at 95.) On December 28, 2015, the Supreme Court denied his motion. (*Id.* at 107.)

On February 18, 2016, Clark filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 6.) He raised two grounds for relief: (1) his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment, and (2) the calculation of his offender score erroneously included a "washed" criminal history in violation of his due process and equal protection rights. (*Id.* at 5.)

On May 4, 2016, Respondent Jeff Uttecht moved to dismiss Clark's petition as untimely under 28 U.S.C. § 2244(d). (Dkt. No. 16.) Uttecht noted that almost 13 years of untolled time passed between the date of Clark's judgment's finality and the date Clark filed his petition. (*Id.* at 4-6.) Uttecht further argued that Clark was not entitled to equitable tolling, as he could not demonstrate any "extraordinary circumstances" that stood in the way of his filing a timely habeas petition. (*Id.* at 7.)

Citing Washington PRP law, Clark responded that the one-year time bar did not apply because his judgment and sentence was facially invalid. (Dkt. No. 18 at 2-3.)

Judge Donohue considered Uttecht's motion and recommended that Clark's habeas petition be denied as untimely. (Dkt. No. 19 at 1-2.) Judge Donohue reasoned that Clark's conviction became final for purposes of federal habeas review when the Washington Supreme Court denied his petition for review on April 1, 2003. (*Id.* at 5-6.) Judge Donohue noted that neither of Clark's PRPs tolled the statute of limitations, because neither was filed within the one-year limitations period. (*Id.* at 6.) Judge Donohue further concluded that Clark did not show that he was diligently pursuing his rights or that extraordinary circumstances existed to justify tolling of the statutory period. (*Id.*)

Clark objects to the Report and Recommendation. (Dkt. No. 20.)  He argues that "the time bar does not apply to [his] petition as a due process and equal protection right enforceable under the Fourteenth Amendment." (*Id.* at 1.)

## II.    DISCUSSION

### A.    Standard of Review

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

### B.    Legal Standards

A state prisoner seeking federal habeas relief must file his or her petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C § 2244(d)(1)(A). The one-year limitations period does not include the time during which a properly filed application for state collateral review is pending in the state courts. 28 U.S.C § 2244(d)(2). The statute of limitations may be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**C.  Analysis**

Clark's objections rest on his argument that, under Wash. Rev. Code § 10.73.090, a judgment and sentence that is invalid on its face may be challenged at any time and is not subject to a one-year time bar. (Dkt. No. 20 at 3-7.) While this is true for state collateral attacks—such as Clark's PRPs—this provision does not apply to federal habeas petitions. Federal habeas petitions—such as Clark's present petition—are subject to the time bar under § 2244(d)(1)(A), irrespective of Washington law. Thus, Clark's argument that his judgment and sentence is invalid on its face does not impact the timeliness of the present petition.

**III.  CONCLUSION**

For the foregoing reasons, the Court OVERRULES Clark's objections (Dkt. No. 20) and ADOPTS Judge Donohue's Report and Recommendation (Dkt. No. 19). Clark's habeas petition is DENIED as untimely, and this case is DISMISSED with prejudice.

DATED this 30th day of August 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE